IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Chesterfield T. Franklin, Jr., *et al*.                    Case No. 3:05CV7102

      Plaintiffs

  v.                                                                              ORDER

Lucas County Children Services Board, *et al*.

      Defendants.

This is a suit brought by plaintiffs Chesterfield T. Franklin, Jr., who is blind; Gloria Bumpus, who suffers from Huntington's Chorea; and their son, Chester T. Franklin.  Named as defendants are the Lucas County Children Services Board (LCCSB), several employees of LCCSB, and members of the Lucas County Board of Commissioners.

Plaintiffs assert claims of discrimination under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and state tort claims alleging negligent and intentional infliction of emotional distress.

This court has jurisdiction pursuant to 28 U.S.C. § 1331.

Pending is defendants' motion to dismiss on the pleadings. For the following reasons, I will grant defendants' motion in part and will dismiss the remaining claims without prejudice.

**Background**

On October 6, 2000, defendant LCCSB investigated plaintiffs Franklin and Bumpus to determine if they were able to care for their autistic child, Chester Franklin. The investigation was based on Franklin's blindness and Bumpus's alleged history of alcohol abuse. After

completing the investigation, LCCSB determined Franklin was able to care for his child and that Bumpus suffered from Huntington's Chorea, not alcohol abuse.[1]

On January 8, 2003, defendants Bruce McLaughlin and Diane Keeler, attorneys for LCCSB, filed a complaint in the Lucas County Juvenile Court seeking a shelter care hearing for the purpose of removing the plaintiffs' child from their custody.

The complaint alleged: 1) Franklin was blind and not able to independently care for his child; and 2) Bumpus had a history of alcohol abuse.

Defendant Nicole Williams, an employee of LCCSB, testified that Franklin was unable to care for the child and that Bumpus was intoxicated. The Juvenile Court then ordered plaintiffs' son, Chester Franklin, removed from their care.

The Juvenile Court on March 13, 2003, ordered Chester Franklin returned to the plaintiffs after finding LCCSB failed to prove he was a dependant, neglected, or abused child.

Plaintiffs filed this action on March 14, 2005.

## Discussion

Defendants filed a motion to dismiss on the pleadings. Defendants contend they are entitled to judgment as a matter of law on the Title II claims because: 1) plaintiffs' Title II claims are barred by the statute of limitations; 2) Title II does not apply to judicial proceedings involving child custody issues; 3) Title II does not prohibit consideration of disabilities in judicial proceedings involving child custody issues; 4) Title II prohibits individual claims; and 5) plaintiffs' Title II claims are barred by absolute immunity and qualified immunity.

---

[1] Huntington's Chorea is a neurological disorder that causes the victim to slur her speech and stagger – symptoms similar to those of someone who is intoxicated.

Defendants further argue plaintiffs' negligent and intentional infliction of emotional distress claims fail because: 1) plaintiffs fail to plead a *prima facie* case; 2) defendants are immune from liability pursuant to O.R.C. §§ 2744.02 and 2744.03*;* and 3) defendants, who are members of the Lucas County Board of Commissioners, owed no duty to plaintiffs.

### I. The Statute of Limitations Bars Plaintiffs' Title II Claims

Defendants argue plaintiffs failed to bring their Title II claims within two years of the alleged discriminatory act, and therefore, the statute of limitations bars all claims. In response, plaintiffs contend their Title II claims are timely because the alleged discrimination ended on March 13, 2003, when the Juvenile Court ordered their child returned to them.

While the ADA does not provide a statute of limitations, this court has adopted a two-year statute of limitations for ADA claims brought in Ohio. *Deck v. City of Toledo*, 56 F. Supp. 2d. 886, 891 (N.D. Ohio 1999).

This two-year statute of limitation period is triggered when the alleged discriminatory act first occurred, not when the last of the discriminatory effects have either manifested themselves or ceased. *Deck*, 56 F. Supp. 2d at 892 (citing *E.E.O.C. v. Penton Indus. Publi'g Co., Inc.*, 851 F.2d 835, 837-38 (6th Cir. 1998)).

Here, plaintiffs claim LCCSB discriminated against them by alleging Bumpus abused alcohol when, according to plaintiffs, LCCSB was aware Bumpus suffered from Huntington's Chorea. Plaintiffs thus had notice of LCCSB's alleged neglect and dependency complaint against them when LCCSB filed the complaint with the Juvenile Court on January 8, 2003. Thus, the alleged discriminatory act occurred when the complaint was filed, not when the Juvenile Court returned the child to the plaintiffs.

Because LCCSB filed the complaint with the Juvenile Court on January 8, 2003, plaintiffs failed to bring their claim within the two-year statute of limitations. Therefore, plaintiffs' Title II claims fail as a matter of law.[2]

## II. Negligent and Intentional Infliction of Emotional Distress Claims

A federal court can decline to exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a) when it has dismissed "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

As addressed above, I have dismissed all of plaintiffs' federal claims. Therefore, I decline to exercise supplemental jurisdiction over plaintiffs' remaining state tort claims. Accordingly, plaintiffs' remaining state tort claims will be dismissed without prejudice.

## Conclusion

In light of the foregoing, it is

ORDERED THAT:

1. Defendants' motion for judgment on the pleadings is granted with regard to plaintiffs' Title II claims; and

2. Plaintiffs' remaining state tort claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge

---

[2] Because I find plaintiffs' Title II claims are untimely, I need not address defendants' additional arguments in support of their motion for judgment on the pleadings.